IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THE MITCHELL LAW FIRM, LP,                §
                                          §
        Plaintiff,                        §
                                          §
v.                                        §          Civil Action No. 3:16-cv-02582-M
                                          §
BESSIE JEANNE WORTHY REVOCABLE            §
TRUST and ESTATE OF BESSIE JEANNE         §
WORTHY,                                   §
                                          §
        Defendants.                       §

MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendants' Motion for Summary Judgment.  (ECF No. 30).  For the

following reasons, the Motion is **GRANTED**.

I.      **Factual and Procedural Background**

This case is about how Plaintiff's withholding of key facts resulted in this Court

becoming an unwitting vehicle for the Plaintiff's improper acquisition of funds for attorney's

fees from a decedent's account.  An accurate disclosure of the true facts would have revealed this

Court's lack of jurisdiction.

Plaintiff is a Texas limited partnership.  (ECF No. 6 ¶ 1).  Defendant Bessie Jeanne

Worthy Revocable Trust (the "Trust") is a California trust.  (*Id.* ¶ 2).  Defendant Estate of Bessie

Jeanne Worthy (the "Estate") is the estate of the decedent, who lived and died in Texas.  (ECF

No. 22 at 20–28; *see also* ECF No. 1 ¶ 2A).  Before he was removed, Larry Hodge ("Hodge")

was the Trustee of the Trust and Administrator of the Estate.  He hired the Plaintiff law firm.

The payment Plaintiff asserts it is owed stems from attorney's fees it incurred representing

Hodge against allegations found credible by a jury that he breached his fiduciary duty to Worthy before her death (the "Attorney's Fees").

On September 8, 2016, Plaintiff filed in this Court its Original Complaint against the Trust, alleging diversity jurisdiction. (ECF No. 1). Two days later, Plaintiff amended its Complaint to add the Estate as a Defendant. (ECF No. 6). Plaintiff stated that the Trust was a California trust that could be served by serving its then-Trustee, Hodge, in California, and that the Estate could be served by serving its then-Administrator, Hodge, in California. (*Id.* ¶¶ 2–2A). Plaintiff made no disclosure that the decedent died in Texas and was a Texas citizen.

On September 16, 2016, Plaintiff, through Gregory Mitchell, and Defendants, through attorney Joyce Lindauer, moved for an agreed judgment for the Attorney's Fees. This Court immediately entered the Agreed Judgment. (ECF No. 15). Three days later, Plaintiff used the Agreed Judgment to obtain $78,255.50 from the Estate's account at Citizens National Bank in Waxahachie, Texas ("the Estate Account"). (ECF No. 32 at 76–81).

The Defendants, now represented by Trustee and Administrator Rodney Hodge, Larry's son, who was appointed by the County Court upon Larry Hodge's removal, filed a Rule 60(b)(4) and (d)(3) motion, seeking to set aside the Agreed Judgment. This Court held a hearing on December 10, 2019. (*See* ECF Nos. 20–22; *see also* ECF No. 32 at 1–27).

On January 10, 2020, Defendants filed a Motion for Summary Judgment on their Rule 60 motion. (*See* ECF Nos. 30–32, 41).

A summary of the relevant litigation follows.

On July 28, 2016, in a suit brought in Ellis County Court by Larry Hodge's children, as beneficiaries of Worthy's Estate, a jury found that Larry Hodge breached his fiduciary duty to

Worthy.  (ECF No. 32 at 32–40).  Plaintiff represented Larry Hodge in that litigation.  (*Id.* at 29–31).

On August 7, 2016, Plaintiff, as counsel for the Estate, asked the court in a second suit in Ellis County to authorize Hodge's withdrawal of funds from the Estate Account to pay the Attorney's Fees.  (*Id.* at 42–45).  The court denied Plaintiff's request on August 22, 2016, and again on September 6, 2016.  (*Id.* at 51–57, 63).  Two days later, Plaintiff filed suit in this Court.  (ECF No. 1).

On August 16, 2016, one month before the Motion for Agreed Judgment was filed in this Court, application was made by Hodge's children to remove Hodge as Administrator, and later, as Trustee.  (*See* ECF No. 32 at 46–50, 58–62; *see also* Cause No. 11-E-2281, *In the Estate of Bessie Jeanne Worthy, Deceased*, in the County Court at Law No. 1 of Ellis County, Texas (application to remove Hodge as Administrator); Cause No. 16-C-3533, *Rodney Hodge and Cheri Tye v. Larry Hodge, individually and as Trustee of the Bessie Jeanne Worthy Revocable Trust*, in the County Court at Law No. 1 of Ellis County, Texas (application to remove Hodge as Trustee)).  Hodge was removed as Administrator and Trustee on January 30, 2017, and Rodney Hodge was appointed as Larry Hodge's successor.  (ECF No. 32 at 72–75).

II.     **Legal Standard**

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56.  A dispute as to a material fact is genuine if the evidence is sufficient to permit a reasonable factfinder to return a verdict for the nonmoving party.  *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).  When ruling on a motion for summary judgment, the court is required to view all

inferences drawn from the factual record in the light most favorable to the nonmoving party.

*Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

**III.      Analysis of Voiding a Judgment Under Rule 60(b)(4)**

A party is entitled to relief from a judgment if the judgment is void.  Fed. R. Civ. P.

60(b)(4).  Judgments made without subject matter jurisdiction are void.  *Lower Colo. River Auth.*

*v. Papalote Creek II, LLC*, 858 F.3d 916, 927 (5th Cir. 2017).  Federal Rule of Civil Procedure

60(c)(1) requires a motion under Rule 60(b) to be made within a reasonable time.  However, the

Fifth Circuit has held that "[m]otions brought pursuant to Rule 60(b)(4) . . . constitute such

exceptional circumstances as to relieve litigants from the normal standards of timeliness

associated with [Rule 60(b), so] . . . motions brought pursuant to subsection (4) of the rule have

no set time limit."  *Carter v. Fenner*, 136 F.3d 1000, 1006 (5th Cir. 1998); *see also N.Y. Life Ins.*

*Co. v. Brown*, 84 F.3d 137, 142–43 (5th Cir. 1996) ("There is no time limit on an attack on a

judgment as void . . . [E]ven the requirement that the motion be made within a 'reasonable time,'

which seems literally to apply to motions under Rule 60(b)(4), cannot be enforced with regard to

this class of motion") (quoting *Briley v. Hidalgo*, 981 F.2d 246, 249 (5th Cir. 1993)).  Even if

there were a reasonableness requirement, under the circumstances, Defendants' Administrator

and Trustee, Rodney Hodge, has met it.

Diversity jurisdiction is proper only if each plaintiff has a different citizenship from each

defendant.  *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988).

Citizenship of an estate is based on 28 U.S.C. § 1332(c)(2), which states that the legal

representative of an estate is deemed to be a citizen only of the same state as the decedent.

*Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 67 (5th Cir. 2010); *Lapkin v. AVCO Corp.*

*ex rel. KS Gleitlager USA*, No. 3:11-CV-3424-L, 2012 WL 1977318, at *2 (N.D. Tex.

May 31, 2012); *Ward v. Martin*, No. 3:97-CV-0111-R, 1997 WL 446443, at *1 (N.D. Tex.

July 16, 1997).  Worthy was a Texas citizen, so the Estate is a Texas citizen as well.  (ECF No.

22 at 20–27; *see also* ECF No. 32 at 59).  Because Plaintiff and the Defendant Estate were both

Texas citizens, the Court lacked subject matter jurisdiction.  Either out of ignorance or malice,

Plaintiff did not state in the Amended Complaint the Estate's citizenship, implying instead that it

was California, where Hodge lived, rather than in Texas, where Worthy lived and died.  Had

Plaintiff accurately pleaded the citizenship of the Estate, it would have been clear that this Court

did not have subject matter jurisdiction.

Plaintiff argues that a court's determination of its own jurisdiction is subject to *res

judicata*.  *Picco v. Glob. Marine Drilling Co.*, 900 F.2d 846, 850 (5th Cir. 1990) (finding *res

judicata* of the district court's decision to dismiss a case where it took such action despite being

aware of an automatic stay that apparently prohibited its jurisdiction); *see also Chicot Cty.

Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 376 (1940); *Stoll v. Gottlieb*, 305 U.S. 165,

172 (1938).

Here, the Court had no reason to question its jurisdiction, based on the incomplete and

misleading pleading of jurisdictional facts in the Amended Complaint.  The party now

challenging jurisdiction must have had a full and fair opportunity to raise the issue in order to be

subject to a *res judicata* defense.  *Picco*, 900 F.2d at 850.  Larry Hodge, who was the Trustee and

Administrator when this case was filed, did not raise the issue of jurisdiction on behalf of

Defendants, because Hodge benefited if Defendants paid the Attorney's Fees he owed Plaintiff.

In its briefing, Plaintiff asserts that the Defendants were parties to this case at the time of the

Agreed Judgment, and that is literally true, since Hodge was the Trustee and Administrator, but

the beneficiaries who were seeking at that time to remove Larry Hodge had no reason to know

about this case.  Hodge was found in County Court to have breached his fiduciary duty to Worthy, and proceedings to remove him as Administrator and Trustee were pending, so he would have had no motive to inform the other beneficiaries, his estranged children, of the existence of this case, and did not do so.

The testimony before this Court on December 10, 2019, was that Defendants' attorney, Joyce Lindauer, had no knowledge of the litigation to remove Hodge, the County Court's prior denials of Plaintiff's requests to pay the Attorney's Fees from the Estate Account, or where Mrs. Worthy lived or died.  (ECF No. 32 at 17–21).  Lindauer testified that Plaintiff's counsel, Gregory Mitchell, with whom she shared office space, referred Hodge to her and that Hodge informed her he did not contest the Attorney's Fees, and that she was to execute an agreed judgment for Plaintiff.  (*Id.*)  Plaintiff did not contest this evidence.  Lindauer would therefore have had no reason to suspect the existence of a jurisdictional issue, or of any legitimate challenge to Plaintiff's requested relief.  These circumstances prejudiced the Estate and the Trust by ensuring the lack of fair representation of their interests.  The evasive Amended Complaint was designed to make this Court an improper instrument to achieve the common goal of Plaintiff and Hodge—to get the Attorney's Fees paid, whether subject matter jurisdiction existed in the awarding court or not.  There was, in fact, no diversity of citizenship or other basis for federal jurisdiction.  Because the Court did not have subject matter jurisdiction, the judgment is void under Rule 60(b)(4).  The Court therefore does not reach Defendants' claim that Rule 60(d)(3) provides another basis to set aside the judgment.

Plaintiff's Motion to Strike (ECF No. 39) seeks to strike Defendants' Reply Appendix to its Motion for Summary Judgment (ECF No. 38) and any references thereto in Defendants' Reply to its Motion for Summary Judgment (ECF Nos. 36–37).  Because the Court did not

consider this appendix or references thereto in its decision on Defendants' Motion for Summary Judgment, Plaintiff's Motion to Strike is **DENIED as moot.**

Accordingly, the Agreed Judgment is void under Rule 60(b)(4) for lack of subject matter jurisdiction.  Thus, Defendants' Motion for Summary Judgment is **GRANTED**, and the judgment of September 16, 2016, is declared null and void and of no effect whatsoever.  Monies received by Plaintiff pursuant to the Judgment are to be returned to Rodney Hodge, as Administrator and Trustee, on or before **May 20, 2020**.

**SO ORDERED**.

April 16, 2020.

BARBARA M. G. LYNN
CHIEF JUDGE