IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE MITCHELL LAW FIRM LP, | § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Civil Action No. 3:16-cv-02582-M |
| BESSIE JEANNE WORTHY REVOCABLE TRUST, et al., | | |
| Defendants. | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Defendants' Motion for Attorneys' Fees and Costs and for Sanctions (ECF No. 43), which requests an award of fees in the amount of $33,397.50, and the Defendants' Supplemental Motion for Attorneys' Fees (ECF No. 58), which requests an additional award of fees in the amount of $60,458.50. For the following reasons, the Motion is GRANTED IN PART, and the Supplemental Motion is DENIED.

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff The Mitchell Law Firm LP ("Mitchell") represented Larry Hodge in litigation in state court in which Larry Hodge was found liable for a breach of fiduciary duty as the Trustee and Administrator of Defendants Bessie Jeanne Worthy Revocable Trust ("Trust") and Estate of Bessie Jeanne Worthy ("Estate"). ECF No. 32 at 32–40, 46–50, 58-62; *see also* Cause No. 11-E-2281, *In the Estate of Bessie Jeanne Worthy, Deceased*, in the County Court at Law No. 1 of Ellis County, Texas (application to remove Hodge as Administrator); Cause No. 16-C-3533, *Rodney Hodge and Cheri Tye v. Larry Hodge*, *individually and as Trustee of the Bessie Jeanne Worthy Revocable Trust*, in the County Court at Law No. 1 of Ellis County, Texas (application to

1

remove Hodge as Trustee). Larry Hodge was removed as Trustee and Administrator for the Trust and Estate, respectively, on January 30, 2017, and was succeeded by his son, Rodney Hodge. ECF No. 32 at 72–75.

Several months before Larry Hodge was removed, but one month after Larry Hodge was found liable for a breach of fiduciary duty, Mitchell filed this suit for attorneys' fees, against Larry Hodge for the Trust and Estate. A state court had twice denied Mitchell's petition to authorize Larry Hodge's withdrawal of funds from the Estate account to pay Mitchell's attorneys' fees while Mitchell was counsel for Larry Hodge. ECF No. 32 at 42–45. Mitchell and Joyce Lindauer, representing Larry Hodge, moved this Court for an Agreed Judgment for the attorneys' fees, which this Court immediately granted. Judgment (ECF No. 15). Mitchell filed the action in federal court by pleading that the Court had subject matter jurisdiction because Mitchell was diverse from Defendants; in fact, Mitchell and the Estate were Texas citizens. Order (ECF No. 42), at 4–6. When the Court discovered this fact, after a Rule 60(b) Motion was filed by Rodney Hodge, it declared the Agreed Judgment null and void and ordered monies received by Mitchell pursuant to the Agreed Judgment to be returned to Rodney Hodge and Defendants. *Id.* at 7. The Fifth Circuit affirmed. *Mitchell L. Firm, L.P. v. Bessie Jeanne Worthy Revocable Tr.*, 8 F.4th 417, 422 (5th Cir. 2021). Defendants now move for costs, attorneys' fees, and sanctions in this Court, pursuant to Federal Rule of Civil Procedure 11 (ECF No. 43), and for supplemental costs and attorneys' fees during the appeal (ECF No. 58).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 11 authorizes a court to sanction a party who presents a motion for an improper purpose. Fed. R. Civ. P. 11. Under Rule 11, an attorney certifies, after an "inquiry reasonable under the circumstances," that he is presenting to the Court a motion for a

proper purpose, that is supported by existing law, and which contains evidentiary support for factual contentions or denials thereof. Fed. R. Civ. P. 11(b). If a party violates Rule 11, the court may, *sua sponte*, or on motion of opposing counsel, impose an appropriate sanction after the party has been given notice and a reasonable opportunity to respond. Fed. R. Civ. P. 11(c). The Court may impose sanctions against a client as well as his attorney because "both have a duty to conduct a reasonable inquiry" into the lawsuit. *Skidmore Energy, Inc. v. KPMG*, 455 F.3d 564, 567 (5th Cir. 2006).

The standard of conduct under Rule 11 is an objective, not subjective, standard of reasonableness. *Whitehead v. Food Max of Mississippi, Inc.*, 332 F.3d 796, 802 (5th Cir. 2003). Thus, an attorney's good faith will not, by itself, protect against Rule 11 sanctions. *Jenkins v. Methodist Hosps. of Dallas, Inc.*, 478 F.3d 255, 264 (5th Cir. 2007). Once a Rule 11 violation has been determined, "sanctions are mandatory." *Thomas v. Cap. Sec. Servs., Inc.*, 836 F.2d 866, 877 (5th Cir. 1988). "The basic principle governing the choice of sanctions is that the least severe sanction adequate to serve the purpose should be imposed." *Id.* at 878. Sanctions should, however, be "sufficient to deter repetition of [similar] conduct." *Jenkins*, 478 F.3d at 265 (citing Fed. R. Civ. P. 11(c)(2)).

Alternatively, the Court has inherent power to sanction parties that engage in conduct that constitutes an abuse of the judicial process. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991). This requires a specific finding that counsel has acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Hall v. Cole*, 412 U.S. 1, 5 (1973) (internal quotations omitted). The Court's inherent power is not displaced by any rule or statute, but where there is sanctionable conduct in the course of litigation that is proscribed by the Federal Rules of Civil Procedure, the Court should ordinarily rely on the Rules. *Chambers*, 501 U.S. at 50.

### III. ANALYSIS

#### A. Jurisdiction

This Court maintains jurisdiction to decide a Rule 11 motion even though it does not have subject matter jurisdiction over the original case or controversy. *Willy v. Coastal Corp.*, 503 U.S. 131, 138 (1992) (A Rule 11 sanction "does not raise the issue of a district court adjudicating the merits of a 'case or controversy' over which it lacks jurisdiction"); *Browne v. Nat'l Ass'n of Sec. Dealers, Inc.*, No. 3:05-CV-2469-G, 2006 WL 3770505, at *8 (N.D. Tex. Dec. 14, 2006); *see also Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) ("In order to comply with Rule 11's requirement that a court 'shall' impose sanctions '[i]f a pleading, motion, or other paper is signed in violation of this rule,' a court must have the authority to consider whether there has been a violation of the signing requirement regardless of the dismissal of the underlying action.").

#### B. Standing

Mitchell contends that Rodney Hodge does not have standing to request sanctions because Rodney Hodge is not a real party to the suit. Mitchell first raised this standing argument to this Court in a sur-reply he was granted leave to file, although he raised the argument at the Fifth Circuit and was told by that court that "[a]n argument that the plaintiff is not the real party in interest is an affirmative defense that must be asserted with reasonable promptness." *Mitchell L. Firm, L.P. v. Bessie Jeanne Worthy Revocable Tr.*, 8 F.4th 417, 423 (5th Cir. 2021) (citing *Norris v. Causey*, 869 F.3d 360, 367 (5th Cir. 2017)). This issue was waived, not having been raised as an affirmative defense with reasonable promptness.

In any case, Rodney Hodge has standing to move for Rule 11 sanctions on behalf of Defendants, as Larry Hodge's successor as Trustee and Administrator. Tex. Prop. Code Ann. §

115.011(a).  Rodney Hodge was appointed Administrator of the Estate and Trustee of the Trust on January 30, 2017.  ECF No. 32 at 72–75.  Defendants filed the Motion for Attorneys' Fees on April 30, 2020.  Thus, Rodney Hodge was an interested person with standing to sue when he moved for attorneys' fees.

### C. Sanctions

Defendants seek an award of attorneys' fees of $33,397.50 at trial, plus fees in successfully defending Plaintiff's appeal.  A court may award fees as a sanction pursuant to Rule 11 when it is "objectively ascertainable that an attorney submitted a paper to the court for an improper purpose." *Whitehead*, 332 F.3d at 805.  Expenses incurred on appeal are governed by Federal Rule of Appellate Procedure 38, which provides: "If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee."  Fed. R. App. P. 38.  The Court of Appeals made no such finding.  This Court does not have a sufficient basis for making such an award and declines to award Defendants attorneys' fees incurred on appeal.

Defendants are entitled to attorneys' fees and costs as a sanction for Mitchell's conduct before this Court.  Mitchell acknowledged that he did not conduct the basic research required of him before filing a paper with the Court, in violation of Rule 11.  At a December 10, 2019, hearing, the following colloquy occurred:

> THE COURT: You knew the Estate was a resident of Texas, didn't you? Didn't you?
>
> MITCHELL: I didn't research that to be honest, Your Honor.
> . . .
>
> MITCHELL:  I can tell the Court that I have never sued or been sued representing an estate in federal court.  And so I did not do that research.
>
> . . .

5

> THE COURT: And you didn't engage in one shred of research to determine what the citizenship of an estate is before you filed it in federal court? Is that what you're telling me?
>
> MITCHELL: Your Honor, that certainly doesn't make it sound good in terms of—
>
> THE COURT: No, it doesn't.
>
> MITCHELL: I don't—I don't believe I actually researched specifically because I knew that Larry Hodge lived in California, and that's—I—that's what I represented to the Court.

ECF No. 29 at 5–6. Mitchell thus admitted he filed a pleading without conducting the requisite research on jurisdiction. In doing so, Mitchell abused the judicial system, and should be sanctioned.

In adjudicating an award of attorneys' fees, a court first calculates a "lodestar" fee by multiplying the hours expended by reasonable hourly rates. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). Then a court must consider whether the lodestar figure should be adjusted upward or downward. *Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996). Defendants allege that their counsel expended a total of 94.93 hours related to the Motion for Sanctions, through the work of three people: Dustin Coates, Kevin McDonnell, and a person with the initials of "CH," who is apparently a paralegal  App. to Mot. (ECF No. 45) at 3–12; App. to Supp. Mot (ECF No. 58-1) at 2–12. Defendants calculated fees at $350 per hour for attorney time and $190 per hour for paralegal time, for a total of $33,397.50.

Rates are reasonable when they "are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The Court may use its own expertise and judgment to independently assess the hourly rates charged for attorneys' fees. *Merge Off. Interiors, Inc. v. Alfa*

6

*Adhesives, Inc.*, No. 3:19-CV-00336-M, 2020 WL 2115645, at *2 (N.D. Tex. May 3, 2020) (Lynn, J., presiding) (citing *Davis v. Bd. of Sch. Comm'rs of Mobile Cnty.*, 526 F.2d 865, 868 (5th Cir. 1976)). Defendants contend that fees of $350 per hour for attorney time and $190 per hour for paralegal time are customary in the Dallas area. Coates Aff. (ECF No. 45) at 2. Mitchell contends that Defendants' fee requests are excessive, and that Defendants are exaggerating the fees incurred by stating that they incurred hundreds of dollars on administrative tasks, over $5,000 on "repackaging their filing," and an additional $8,485.00 in reviewing Plaintiff's response. Resp. at 6.

Having reviewed the details of Defendants' fee request, after eliminating administrative tasks, the Court concludes that a sanction of $25,000 against Mitchell and Larry Hodge, jointly and severally, which represents fees reasonably and necessarily incurred by Defendants, should be awarded as a sanction against Mitchell pursuant to Federal Rule of Civil Procedure 11, and this Court's inherent authority. Execution may issue for such sum if it is not paid in full by April 29, 2022. All other relief sought by any party is DENIED.

**SO ORDERED**.

March 30, 2022.

BARBARA M. G. LYNN
CHIEF JUDGE